IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:05-cr-600-WSD |
| EDWAR VALENCIA-GONZALEZ, SERGIO FIGUERA-ALEYVA and ADALILIA BELTRAN-CARDENAS, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Report and Recommendation ("R&R" [83]) on Defendant Sergio Figuera-Aleyva's ("Defendant") Motion to Suppress Intercepted Wire Communications [56] ("Motion to Suppress"). The Magistrate Judge recommends that the Motion to Suppress be denied. No objections to the Report and Recommendation have been filed, thus the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).[1]

---

[1] In the absence of any objection to the facts set forth in the Report and Recommendation and finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.

**I.** **BACKGROUND**

Defendant seeks to suppress evidence seized as the result of telephone communication interceptions pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510-2520.[2] The communications were intercepted under the authority of several orders issued by district court judges in this district.

Defendant claims that: (1) it was improper to rely on information that a confidential informant provided about another investigation to support the reliability of the confidential informant and to support probable cause for the interception of communications in this investigation; (2) there was insufficient corroboration of the information provided by the confidential informant to support the informant's reliability; (3) there was an insufficient basis to show that traditional investigative methods reasonably appeared unlikely to succeed; (4) the wiretap applications were approved based on intentionally or recklessly false

---

[2] The interception applications and target telephones that Defendant challenges are not clearly identified except for target telephone 1. The Government's brief identifies three target telephones (target telephones 1, 3 and 5, collectively referred to as the "Target Telephones") where Defendant's conversations were intercepted. The Court considers the Motion as seeking suppression of the conversations on the Target Telephones to which Defendant was a party.

2

information; (5) the orders approving the application wrongfully allowed the interception of all communications and all telephones in an "Urban Fleet" of press-to-talk instruments; and (6) the intercepted communications were not timely filed under seal. Defendant claims that one or more of these reasons requires the suppression of all intercepted communications, and any evidence derived from these communications must be suppressed. The Court has considered each of these arguments and finds no plain error in the Magistrate Judge's R&R.

## II.   DISCUSSION

The Court has reviewed the R&R carefully and agrees with the Magistrate Judge that the Motion to Suppress largely relies on broad, conclusory statements and arguments which are not supported by the record or which Defendant has misinterpreted. The Court finds that Defendant has failed substantially in overcoming the presumption of validity that attaches to the wiretap authorizations and has not proved that the orders were unlawfully obtained. See United States v. Mitchell, 274 F.3d 1307, 1310 (10th Cir. 2001); United States v. Moody, 762 F. Supp. 1491, 1495 (N.D. Ga. 1991).

The Court further finds that the facts and the law discredit each of the

grounds cited by the Defendant.  Specifically, the Court concludes that the information presented to the authorizing judges substantially established probable cause for each of the interception orders.  <u>United States v. Nixon</u>, 918 F.2d 895, 900 (11th Cir. 1990).  The affidavits presented to the authorizing judges established the reliability of the confidential informant, and the other information corroborated the intelligence provided by the informant.  The Court further finds that the informant provided information related to the drug activity in which the Defendant was allegedly involved.  To the extent it showed a drug distribution organization that expanded beyond the Defendant's activities, the activities of the larger organization provided context for explaining Defendant's role in the organization's activities.

   The Court agrees that these Title III applications were made upon a proper, reasonable, and substantial showing that other investigative techniques either were ineffective or unavailable in this investigation.  The consideration of other investigative techniques was thorough, thoughtful, and well-presented in the applications.

   The Court further finds that Defendant misstates the facts in claiming that

4

the wiretap authorizations constituted a general warrant for all communications to and from all phones in the "Urban Fleet." Each authorization was limited to a specific telephone and not to all phones in the "fleet." The authorizations complied with the requirement that the orders clearly identify the telephones from which conversations could be intercepted. United States v. Lutcher, 2004 WL 1274457, *1 (E.D. La. June 4, 2004); see also United States v. Goodwin, 131 F.3d 132 (2d Cir. 1997) (unpublished opinion). Finally, the Court concludes the record establishes well that the intercepted communications were immediately sealed as required by 18 U.S.C. § 2518(8)(a). See United States v. Mathews, 431 F.3d 1296, 1307 (11th Cir. 2005).

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation issued by the Magistrate Judge, and Defendant Sergio Figuera-Aleyva's Motion to Suppress Intercepted Wire Communications [56] is **DENIED**.

**SO ORDERED** this 21st day of June, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE